ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA )<br>COUNTY OF JASPER ) | IN THE COURT OF COMMON PLEAS<br>FOR THE 14TH JUDICIAL CIRCUIT<br>CASE NO: 2022-CP-27-_____ |
| SAMUEL RICHARDS,<br><br>         Plaintiff,<br>v.<br><br>MIDWEST TRANSPORT, INC., and<br>ROBERT SHAW,<br><br>         Defendants. | **SUMMONS**<br>**(Jury Trial Demanded)** |

**TO: THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the Plaintiff or his attorney, Gus A. Anastopoulo, at his office 215 East Bay Street, Suite 403A Charleston, South Carolina, 29401, within (30) days after the service hereof, exclusive of the day of such service and if you fail to Answer the Complaint within the time aforesaid, Plaintiff will apply to the court for the relief demanded in the Complaint.

Dated at Charleston, South Carolina on the 29th day of June 2022.

                  GUS ANASTOPUOLO LAW FIRM, LLC

                  s/ *Gus Anastopoulo*
                  Gus A. Anastopoulo Esq.
                  S.C. Bar No.:103713
                  215 East Bay Street, Suite 403A
                  Charleston, SC 29401
                  (843) 310-5555

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

| | |
|---|---|
| IN THE STATE OF SOUTH CAROLINA )<br>COUNTY OF JASPER ) | IN THE COURT OF COMMON PLEAS<br>FOR THE 14TH JUDICIAL CIRCUIT<br>CASE NO: 2022-CP-27-_____ |
| SAMUEL RICHARDS,<br>                Plaintiff,<br>v.<br>MIDWEST TRANSPORT, INC., and<br>ROBERT SHAW,<br>                Defendants. | **COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff, complaining of the Defendants, alleges and says as follows:

## CASE SYNOPSIS

Around 10:45 AM Sam Richards was traveling north on US 17 in Hardeeville, South Carolina. At the same time, Robert Shaw was driving a truck for his employer Midwest Transport. Mr. Shaw was exiting the I-95 ramp onto US 17 when he disregarded a stop sign causing a high-impact collision with Sam's vehicle. The impact caused Sam to sustain significant and potentially permanent injuries and other damages.



## PARTIES AND JURISDICTION

1. That the Plaintiff, Samuel Richards, (herein referred to as "Plaintiff") is a citizen and resident of Jasper County, State of South Carolina.

2. That upon information and belief, Defendant Midwest Transport, Inc., (herein referred to as "Defendant Midwest") is a company registered to do business in South Carolina and is also a motor vehicle carrier registered with the United States Department of Transportation ("USDOT") bearing USDOT number 1084722, and is doing business in Jasper County, State of South Carolina.

3. That upon information and belief, Defendant Robert Shaw (herein "Defendant Shaw" or collectively with Defendant Midwest as "Defendants") is a citizen and resident of Florida.

4. That at all relevant times hereto, the most substantial part of the acts and omissions committed by Defendants which give rise to this action occurred in Jasper County, South Carolina.

5. That this Court has jurisdiction pursuant to S.C. Code Ann. §15-7-30.

6. That at all times relevant, Defendant Midwest was the employer and/or principal of Defendant Shaw and exercised control over the conduct of Defendant Shaw and had the right to control the time, manner, method, and performance of Defendant Shaw's employment and/or work and use of the vehicle he was driving at the time of the incident which is the subject of this action.

## SPECIFIC AVERMENTS

7. That on or about November 6, 2021, the Plaintiff was lawfully traveling northbound in the left lane on US 17 in a 2015 Toyota Sedan.

8. That on or about November 6, 2021, Defendant Shaw was exiting the I-95 off-ramp westbound when he failed he failed to yield the right of way and drove into Plaintiff's lane

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

causing a high impact collision with Plaintiff's vehicle.

9. That upon information and belief, Defendant Shaw was on the job and working within the course and scope of his employment or agency with Defendant Midwest at the time of the subject collision.

10. That at all times material hereto, Defendant Midwest had a duty to hire only well-trained and qualified individuals to drive Defendant Midwest's trucks and to adequately monitor and supervise said individuals.

11. That upon information and belief, Defendant Shaw was unfit to operate the commercial truck at the time of the subject collision.

12. That upon information and belief, Defendant Midwest entrusted the commercial truck to Defendant Shaw.

13. That Defendant Midwest knew or should have known at the time of the entrustment that Defendant Shaw lacked experience and training and was unfit to drive the entrusted commercial truck.

14. That at all times relevant, all defendants were agents, employees, principals, partners, joint ventures, masters and/or servants of one another, and acted on behalf of and for the benefit of one another.

15. That at all times relevant, all defendants acted in concert as agents, employees, principals, joint ventures, masters and/or servants of one another for a common business purpose and interest in pursuit of financial gain.

## FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT SHAW
### (Negligence)

16. That Plaintiff realleges and reincorporate the paragraphs above as if full set forth verbatim herein.

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

17. That Defendant Shaw owed a duty to Plaintiff to operate the commercial truck safely, with reasonable care, and in accordance with all laws concerning the operation of a motor vehicle.

18. That at all times material hereto, Defendant Shaw had a duty to operate his vehicle in a safe and prudent manner and to avoid injuring other motorists.

19. That Defendant Shaw was negligent, grossly negligent, negligent *per se*, careless, reckless, willful, wanton, and reckless and breached the duties he owed to Plaintiff in any one or more of the following respects:

   a) In failing to keep a proper lookout while operating the vehicle;

   b) In failing to maintain control of the vehicle;

   c) In failing to stay in his lane of traffic;

   d) In failing to slow down to a controllable speed to stay in his lane of traffic;

   e) In failing to keep a safe distance from Plaintiff;

   f) In failing to use due care;

   g) In failing to properly observe the road and traffic conditions;

   h) In failing to obey traffic laws and/or signs;

   i) In failing to use his horn, if he had any;

   j) In failing to have vehicle equipped with proper brakes, and, if so equipped, in failing to timely apply the brakes;

   k) In failing to have the vehicle equipped with property lighting and, if so equipped, in failing to have the lights work properly;

   l) In failing to have the vehicle in a properly equipped, and maintained in a safe condition;

   m) In failing to use his steering mechanism to avoid the collision;

   n) In failing to operate a commercial vehicle in the manner required by the Federal

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

Motor Carrier Safety Regulations;

o) In traveling too fast for conditions;

p) In driving while distracted;

q) In failing to yield the right of way;

r) In operating the vehicle without using due care and without regard for the safety and rights of Plaintiff;

s) In violating various laws, statutes, codes, and ordinances designed to protect the public, including Plaintiff, from the type of harm that was caused by Defendant Shaw's conduct and constituting negligence per se, recklessness, and subjecting Defendant Shaw to punitive damages;

t) In failing to exercise the degree of care and caution that a reasonable and prudent person would have exercised under the circumstances then and there prevailing;

u) In negligently and carelessly operating the vehicle in such a manner to cause the vehicle to strike Plaintiff and cause personal injuries;

v) In failing to immediately report an accident involving personal injury;

w) In any other acts that represent a breach of the statutory or common laws of the State of South Carolina; and

x) In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

20. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendant Shaw, as is set forth more fully above, Plaintiff was injured, has endured pain and suffering, has suffered mentally and emotionally, and has incurred, and will incur, various medical expenses, and has otherwise been damaged and injured.

21. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendant Shaw, as is set forth more fully above, Plaintiff was jerked, thrown and slammed within the interior of his vehicle by the

force of the Defendant Shaw's vehicle, causing him to sustain serious and painful personal injuries including, but not limited to, pain and suffering, and injuries his body and also his property.

22. That as a direct and proximate result of the negligence, gross negligence, carelessness, recklessness, willfulness and wantonness of Defendant Shaw, as is set forth more fully above, Plaintiff has been damaged and injured in the following respects:

    a) Plaintiff has been required to expend a significant amount of money for his medical care, treatment and attendant services;

    b) Upon information and belief, the nature of Plaintiff's injuries will require him to expend a significant amount of money for his medical care, treatment and attendant services in the future;

    c) Plaintiff has been unable to work and has been deprived of his income;

    d) Upon information and belief, the nature of Plaintiff's injuries will deprive him of employment opportunity and income in the future;

    e) The pain of her injuries has resulted in his loss of enjoyment of life and change in his personality, all to permanent detriment to his health and physical well-being; and

    f) In other such particulars as will be ascertained through the discovery process.

23. That Defendant Shaw's acts and omissions, as is set forth more fully above, show willful misconduct, malice, wantonness and an entire want of care, raising a presumption of Defendant Shaw's conscious indifference to the consequences of such acts and omissions.

24. That because of the Defendant's acts and omissions and the proximate harm resulting to Plaintiff, Plaintiff should be awarded punitive damages in an amount to be determined by the trier of fact, in order to punish and penalize the Defendant Shaw and to deter Defendant Shaw and others from similar behavior.

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

## FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT MIDWEST

### (Doctrines of *Respondeat Superior* and Agency)

25. Plaintiff re-alleges and reiterates the allegations contained in the paragraphs set forth above as if set forth herein verbatim.

26. That Defendant Midwest is vicariously liable to Plaintiff, under the doctrine of *respondeat superior* and agency, for the negligent, careless, reckless, willful and wanton conduct of its employee and/or agent, Defendant Shaw, such conduct consisting of on or more of the particulars described herein.

## FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT MIDWEST

### (Negligence)

27. That at all times relevant hereto, Defendant Midwest was the employer and principal of Defendant Shaw.

28. That at all times relevant hereto, Defendant Shaw was an employee, agent, and legal representative of Defendant Shaw, and acting in the course and scope of his employment or agency.

29. That at all times relevant hereto, Defendant Shaw was an employee, agent, and legal representative of Defendant Midwest, and driving the commercial truck provided to him by Defendant Midwest with permission from Defendant Midwest.

30. That at all time relevant hereto, Defendant Midwest exercised control over the conduct of Defendant Shaw and had the right to control the time, manner, and method of Defendant Shaw's work and use of the commercial truck provided to Defendant Shaw.

31. That Defendant Midwest is responsible for Defendant Shaw's actions and the consequences of his actions on November 6, 2021, including but not limited to direct negligence,

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

carelessness, gross negligence, willful, wanton, and reckless acts and the doctrines of *respondeat superior* and agency.

32. That Defendant Midwest owed a duty to Plaintiff to ensure the safe operation of the commercial vehicle, with reasonable care and in accordance with all laws concerning the operation of a motor vehicle.

33. That Defendant Midwest owed a duty to Plaintiff to ensure the safe operation of the commercial truck, with reasonable care, by implementing safety policies and procedures, monitoring, and other internal safety controls to protect the motoring public, including the Plaintiff, from negligent and reckless conduct, including the acts of Defendant Shaw.

34. That Defendant Midwest owed a duty to Plaintiff to ensure the commercial truck was in a safe condition, properly equipped, and properly maintained.

35. That Defendant Midwest was negligent, careless, grossly negligent, willful, wanton, reckless, and breached the duties owed to Plaintiff in one or more of the following ways:

   a) In permitting, facilitating, and allowing for the operation of the commercial truck in a negligent and/or reckless manner;

   b) In failing to use due care;

   c) In failing to use the degree of care and caution that a reasonably prudent person or company would have used under the circumstances then and there prevailing;

   d) In failing to ensure that the commercial truck was in a safe condition, properly equipped, and maintained;

   e) In requiring and/or permitting their employees to drive the unauthorized and unsafe terminal tractors(s) on public roads in violation of the law;

   f) In failing to operate a commercial vehicle in the manner required by the Federal Motor Carrier Safety Regulations;

   g) In failing to implement and enforce safety policies and procedures, monitoring, and other internal controls to protect the motoring public,

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

including Plaintiff, from negligent and reckless conduct, including the acts of Defendant Shaw;

h) In violating various laws, statutes, codes, and ordinances designed to protect the public, including Plaintiff, from the type of harm that was caused by the Defendants' conduct and constituting negligence *per se*, recklessness, and subjecting the Defendants to punitive damages; and

i) Otherwise operating the commercial truck without exercising reasonable care and in a negligent, willful, wanton, and reckless manner.

36. That Defendant Midwest's negligent, careless, grossly negligent, willful, wanton, and reckless acts and omissions and breached duties owed to Plaintiff were the direct and proximate cause of the subject collision described herein.

37. That as a direct and proximate result of Defendant Midwest's breach of the aforementioned duties, Plaintiff sustained serious painful and potentially permanent injuries and other damages including but not limited to pain and suffering, mental and emotional anguish.

38. That as a direct and proximate result of the negligent, careless, grossly negligent, reckless acts and omissions of Defendant Midwest Plaintiff has been damaged and injured in the following respects:

a) Pain and suffering;

b) Mental anguish;

c) Emotional distress;

d) Loss of enjoyment of life;

e) Medical costs and other expenses as a result of the Defendants' negligence; and

f) In any other such particulars as will be ascertained in the discovery process.

39. That due to the negligent, careless, grossly negligent, willful, wanton, and reckless acts and omissions of Defendant Midwest as set out above, as well as their violation(s) of state

law, Plaintiff is entitled to actual, compensatory, and punitive damages as determined by a jury.

## FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT MIDWEST
### (Negligent Entrustment)

40. That Plaintiff realleges and reincorporates the paragraphs above as if fully set forth verbatim herein.

41. That Defendant Midwest knew or should have known Defendant Shaw was untrained, inexperienced, unfit, and incapable of operating a vehicle in the manner required by South Carolina state law.

42. That Defendant Midwest negligently and/or recklessly entrusted a commercial truck and inherently dangerous instrumentality, to Defendant Shaw despite that they knew or should have known he lacked proper training and experience and because Defendant Midwest had actual or constructive notice that Defendant Shaw was unfit, inexperienced, and lacked the training to safely inspect and drive the commercial truck.

43. That Defendant Midwest's negligent, willful, wanton, and reckless conduct and breach of duties owed to Plaintiff were the direct and proximate cause of the subject collision described herein.

44. That Defendant Midwest's entrustment of the commercial truck to Defendant Shaw created an appreciable risk of harm to others including Plaintiff and thereby established a relational duty on the part of Defendant Midwest to conform its conduct to the law for the safety of others.

45. That as a direct and proximate result of Defendant Midwest's breach of the aforementioned duties, Plaintiff sustained serious painful and potentially permanent injuries other damages including but not limited to pain and suffering, mental and emotional anguish.

46. That as a direct and proximate result of the negligent, careless, grossly negligent,

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

reckless acts and omissions of Defendant Midwest, Plaintiff has been damaged and injured in the following respects:

    a) Pain and suffering;

    b) Mental anguish;

    c) Emotional distress;

    d) Loss of enjoyment of life;

    e) Medical costs and other expenses as a result of the Defendants' negligence; and

    f) In any other such particulars as will be ascertained in the discovery process.

47. That due to the negligent, careless, grossly negligent, willful, wanton, and reckless acts and omissions of Defendant Midwest as set out above, as well as their violation(s) of state law, Plaintiff is entitled to actual, compensatory, and punitive damages as determined by a jury.

## FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT MIDWEST
### (Negligent Hiring, Training, Retention, and Supervision)

48. That Plaintiff realleges and reincorporates the paragraphs above as if fully set forth verbatim herein.

49. That Defendant Midwest owed a duty to Plaintiff to exercise reasonable care in conducting their business activities, including the implementation and following of appropriate operating standards and procedures, the hiring, retention and supervision of their employees, drivers and agents, including Defendant Shaw, and to keep proper maintenance of the commercial truck.

50. That Defendant Midwest owed statutory and common law duties to Plaintiff to not negligently and/or recklessly hire, train, supervise and retain employees and to use safe and fit equipment and vehicles.

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285

51. That Defendant Midwest knew or should have known that Defendant Shaw lacked experience and training such that he was unable to comply with the state and local laws, and therefore was a negligent and/or reckless driver.

52. That Defendant Midwest failed to properly supervise and monitor Defendant Shaw despite their knowledge that Defendant Shaw did not have the proper training and/or experience to safely inspect and operate the commercial truck.

53. That Defendant Midwest's negligent, careless, grossly negligent, willful, wanton, and reckless acts and omissions and breach of duties owed to Plaintiff were the direct and proximate cause of the collision described herein.

54. That as a direct and proximate result of Defendant Midwest's breach of the aforementioned duties, Plaintiff sustained serious painful and potentially permanent injuries and other damages including but not limited to pain and suffering, mental and emotional anguish.

55. That as a direct and proximate result of the negligent, careless, grossly negligent, reckless acts and omissions of Defendant Midwest Plaintiff has been damaged and injured in the following respects:

    a) Pain and suffering;

    b) Mental anguish;

    c) Emotional distress;

    d) Loss of enjoyment of life;

    e) Medical costs and other expenses as a result of the Defendants' negligence; and

    f) In any other such particulars as will be ascertained in the discovery process.

56. That due to the negligent, careless, grossly negligent, willful, wanton, and reckless acts and omissions of Defendant Midwest as set out above, as well as their violation(s) of state

law, Plaintiff is entitled to actual, compensatory, and punitive damages as determined by a jury.

**WHEREFORE**, the Plaintiff prays for judgment against the Defendants for an amount to be ascertained by the jury at the trial of this action, for all damages, punitive and actual, for the cost and disbursements of this action, and both prejudgment and post-judgment interest, and for such other and further relief, in law or in equity, as this court may deem just and proper.

Respectfully submitted,

GUS ANASTOPUOLO LAW FIRM, LLC

s/ *Gus Anastopoulo*

Gus A. Anastopoulo Esq.
S.C. Bar No.:103713
215 East Bay Street, Suite 403A
Charleston, SC 29401
(843) 310-5555
gus@guslawsc.com

Dated at Charleston, SC
This 29th Day of June 2022

ELECTRONICALLY FILED - 2022 Jun 29 3:49 PM - JASPER - COMMON PLEAS - CASE#2022CP2700285